Filed 6/17/14  Kennedy v. Nutro Products CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RUTH KENNEDY, | B248731 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC489059) |
| v. | |
| NUTRO PRODUCTS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles, Joseph R. Kalin and John Segal, Judges.  Affirmed.

Ruth Kennedy, in pro. per., for Plaintiff and Appellant.

Harmon & Davies, David A. Flores; King, Cheng & Miller and David P. King for Defendants and Respondents.

_____

Plaintiff and appellant Ruth Kennedy appeals from a judgment of dismissal following an order sustaining a demurrer in favor of defendants and respondents Nutro Products, Inc., Mars Petcare U.S., Inc., and The Nutro Company in this action arising out of the termination of her employment. The trial court found the action was barred by the doctrine of res judicata, because Kennedy had already brought an unsuccessful action based on the facts surrounding her termination. Kennedy contends a different primary right is at issue in her second action, there was no finding of good cause for her termination in the prior action, and defendants waived the defense of res judicata by successfully arguing in the prior action that she had not pled breach of contract. In the alternative, she requests leave to amend her complaint to supplement her promissory estoppel allegations and allege violation of statutory notice requirements for plant closures. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

### Employment History

Nutro Products, a subsidiary of Mars, hired Kennedy in 2000 to manage strategic planning. Nutro Products was located in the City of Industry. On April 23, 2008, Mars announced the closure of Nutro Products' City of Industry operations. Mars said some employees would be offered continued employment, some might be offered continued employment in a second round of offers, and the remaining employees would get a severance payment of several months of salary in exchange for working until Mars closed particular activities.

On May 20, 2008, Nutro Products' general manager Dave Horton gave Kennedy a letter stating she would not be terminated before October 31, 2008. Horton said the termination date was contingent on continuing to perform well. Kennedy complained that her supervisor was impeding her ability to do her job. For example, she was excluded from a client planning meeting. On July 30, 2008, Kennedy wrote an email to

2

Horton and others complaining of sex and age discrimination, and requesting an investigation.

In August 2008, Kennedy approved a subordinate's purchase of training courses. On August 20, 2008, Kennedy's supervisor offered her an extension of her employment through December 2008 or January 2009, but Kennedy refused the offer. On August 22, 2008, Kennedy's supervisor asked her for information about the training courses that she had approved. In September 2008, Nutro Products accused Kennedy of misappropriating company funds by authorizing the purchase of software for another employee's personal use. Kennedy believed the accusation was made in retaliation for her discrimination complaint. An employee named Carla Lang told Kennedy that her employment was terminated and Kennedy must pay the cost of the training courses from the severance payment. She received notice of discharge on September 16, 2008, which was effective as of September 30, 2008.

## Kennedy I

In January 2009, Kennedy filed an action against her supervisor, Mars and related entities, for age and sex discrimination, retaliation, wrongful termination in violation of public policy, defamation, unfair competition, and a waiting time penalty. In the allegations of her discrimination claim, Kennedy stated Mars and the related entities breached her express written contract by not offering the full payment guaranteed in the contract and by firing her during the contract period. However, she also stated that she refused to sign the agreement and has not received the promised benefits.

The defendants in that action filed a motion for summary judgment, which the trial court granted. The trial court found Kennedy's statistical evidence was insufficient to draw an inference of discrimination and the decision to terminate her employment was

3

made prior to her discrimination complaints. Also, in context, no defamatory statements were made. Kennedy appealed the judgment.[1]

On appeal, this appellate court agreed with the trial court that Kennedy was terminated before she made any discrimination complaints and failed to present evidence of age discrimination. She failed to present evidence that accusations concerning the software purchase were a pretext for retaliatory termination, especially in light of the fact that the company offered to extend her employment only a few days prior to investigating the software purchase. This court also found the statements at issue were not defamatory per se. Based on the effective date of her termination, no wages were earned and unpaid. On appeal, Kennedy argued that the defendants failed to negate a breach of contract theory of liability. We found Kennedy forfeited this issue by failing to identify a breach of contract cause of action in her complaint or attaching a contract to her pleading. Kennedy did not oppose summary judgment on the basis that the defendants failed to negate breach of contract either. Therefore, the issue was forfeited. We also found no abuse of discretion on evidentiary rulings or issues related to costs, other than a $300 error conceded by the defendants. After reducing the award of costs by $300, we affirmed the judgment as modified.

**Kennedy II**

On July 25, 2012, Kennedy filed the instant action against Nutro Products, Mars, and the successor corporation Nutro Company for breach of an express written contract and written promissory estoppel. The complaint alleged the defendants provided Kennedy with a series of direct written communications with statutory notices and other provisions concerning her termination. The contract was the document provided to her on May 20, 2008. The defendants breached their contract with her when they discharged

---

[1] Kennedy's request for this court to take judicial notice of the appellate record in Kennedy I is granted. Her motion to strike the Respondents' appendix is denied.

4

her.  Also, she relied on their promises and was damaged when the defendants changed her date of termination without notice or justification.

The defendants demurred on the ground that Kennedy I was res judicata and Kennedy was barred from splitting her causes of action.  In addition, the complaint failed to state a cause of action.  Kennedy opposed the demurrer.  Kennedy filed an amended complaint against the same defendants alleging the same causes of action.  The defendants filed a demurrer to the amended complaint and Kennedy opposed the demurrer.

The trial court sustained the demurrer without leave to amend on the basis of res judicata, because Kennedy sued her employer for the injury of her termination and lost on the merits on summary judgment.  On January 25, 2013, the trial court entered an order sustaining the demurrer without leave to amend, and on February 21, 2013, the court entered a judgment of dismissal in favor of defendants.  Kennedy filed a notice of appeal from the judgment.

## DISCUSSION

### Standard of Review

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules.  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]"  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  We review the trial court's decision de novo. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)

5

While a general demurrer admits all facts that are properly pleaded, the "'court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.]'" (*Soliz v. Williams* (1999) 74 Cal.App.4th 577, 584.)

## Res Judicata

Kennedy contends the causes of action alleged in Kennedy II involve different conduct and different injuries to different primary rights than were determined in Kennedy I. Specifically, the defendants failed to make promised payments and guaranteed benefits. Her analysis is incorrect.

""""The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation."'" [Citation.] '[R]es judicata benefits both the parties and the courts because it "seeks to curtail multiple litigation causing vexation and expense to the *parties* and wasted effort and expense in *judicial administration*."' [Citation.]" (*Villacres v. ABM Industries Inc*. (2010) 189 Cal.App.4th 562, 575 (*Villacres*).)

"'Under the doctrine of res judicata, a valid, final judgment on the merits is a bar to a subsequent action by parties or their privies on the same cause of action. . . . In California, a "cause of action" is defined by the "primary right" theory. "The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action." . . . In particular, the primary right theory provides that a cause of action consists of (1) a primary right possessed by the plaintiff, (2) a corresponding duty devolving upon the defendant, and (3) a delict or wrong done by the defendant which consists of a breach of the primary right. . . . "'If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it. . . . The reason

6

for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable. . . .'"" [Citation.]" (*Villacres*, *supra*, 189 Cal.App.4th at pp. 575-576.)

"'The fact that different forms of relief are sought in the two lawsuits is irrelevant, for if the rule were otherwise, "litigation finally would end only when a party ran out of counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background." . . . "[U]nder what circumstances is a matter to be deemed decided by the prior judgment? Obviously, if it is actually raised by proper pleadings and treated as an issue in the cause, it is conclusively determined by the first judgment. But the rule goes further. If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. . . . '. . . [A]n issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result. . . .'"" [Citation.]" (*Villacres*, *supra*, 189 Cal.App.4th at p. 576.)

"'"In California the phrase 'cause of action' is often used indiscriminately . . . to mean *counts* which state [according to different legal theories] the same cause of action. . . ." . . . But for purposes of applying the doctrine of res judicata, the phrase "cause of action" has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. . . . "[T]he 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. . . . Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. 'Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though [the plaintiff] presents a different *legal ground* for relief.' . . ." Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the

7

same parties seek compensation for the same harm, they generally involve the same primary right.' [Citation.]" (*Villacres*, *supra*, 189 Cal.App.4th at pp. 576-577.)

"'"As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. . . . It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." . . . The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other."' [Citations.]" (*Villacres*, *supra*, 189 Cal.App.4th at p. 577.)

"The doctrine is applicable 'if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the *same cause of action* as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding.' [Citation.] '[R]es judicata will not be applied "if injustice would result or if the public interest requires that relitigation not be foreclosed."' [Citation.]" (*Villacres*, *supra*, 189 Cal.App.4th at p. 577.)

Kennedy II is based on the same factual background and injuries as Kennedy I, namely, the right to recover for harm caused by the termination of Kennedy's employment. Kennedy's breach of contract theory and her promisory estoppel theory arise from the same documents and factual circumstances alleged in Kennedy I and the termination of her employment. These matters were within the scope of Kennedy I, related to the subject matter and were relevant to the issues, such that these theories could have been raised in Kennedy I, but she chose not to plead those theories and could not raise them for the first time after summary judgment was granted. The trial court properly sustained the demurrer to the amended complaint and entered judgment in favor of the defendants.

Kennedy's request for leave to amend must similarly be denied. The additional allegations she seeks to make with respect to promissory estoppel and statutory notices

8

concern the same documents and the same injury from her termination as in Kennedy I. Even with the additional allegations, her action is barred by the doctrine of res judicata.

## DISPOSITION

The judgment is affirmed. Respondents Nutro Products, Inc., Mars Petcare U.S., Inc., and The Nutro Company are awarded their costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P.J.

MOSK, J.